**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

**RAMON RAMIREZ REGINO**                                                                  **PLAINTIFF**

**V.**                                **NO: 4:09CV00657 BSM**

**DAVID L. REYNOLDS** *et al.*                                                             **DEFENDANTS**

**ORDER**

Plaintiff, currently held at the Faulkner County Detention Center, filed a *pro se* complaint (Doc. No. 2), pursuant to 42 U.S.C. § 1983, on August 3, 2009, naming as defendants David L. Reynolds, a Faulkner County judge, and James P. Clouette and Richard N. Turbeville, both of whom are Little Rock attorneys.

**I.  Screening**

Before docketing the complaint, or as soon thereafter as practicable, the court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly*, 550 U.S. at 570.  Although *Twombly* involved allegations of conspiracy in violation of the Sherman Act, 15 U.S.C. § 1, the holding has been applied in a § 1983 context as well. *See Robbins v. Oklahoma*, Case No. 07-7021, 2008 U.S. App. LEXIS 5915 (10th Cir. March 21, 2008).  A *pro se* plaintiff's allegations, however, must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to plaintiff's complaint, he has been held in the Faulkner County Detention Center for 14 months without prosecution.  Plaintiff contends that his family has paid Clouette money and he has missed court dates, and "misrepresented" him.  Plaintiff alleges that his family has also paid Turbeville, and that he has done nothing for him, come to see him, or let him know anything about his case.  Although he does not mention Reynolds in the body of his complaint, plaintiff asserts that the courts have tried to give him probation, and he does not believe he should have to take it, because his rights have been violated.  Plaintiff seeks to have his charges dropped, and to be reimbursed for money paid to Clouette and Turbeville.  Because Plaintiff has failed to state a claim upon which relief may be granted, it should be dismissed.

Plaintiff's claims against his attorneys fail because a private defense attorney does not

act under color of state law. To state a cognizable claim for money damages under 42 U.S.C. § 1983, plaintiff must allege that the conduct of a defendant acting "under color of state law" deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). An attorney, even an appointed public defender, does not act under color of state law when performing the traditional functions of a defense counsel. *Polk County v. Dodson*, 454 U.S. 312, 320 (1981) ("[I]t is the function of the public defender to enter 'not guilty' pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make closing arguments in behalf of defendants. All of these are adversarial functions."). Thus, plaintiff's allegations cannot support a claim for relief against defendants Turbeville and Clouette.

Plaintiff's claims against Reynolds must also be dismissed. "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir.1994). Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). The evaluation whether an act of a judge can be considered "judicial" is dependent on the nature of the act itself – whether the act is a function normally performed by a judge in his judicial capacity. *See Forrester v. White*, 484 U.S. 219, 228 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Although plaintiff's specific allegations against Reynolds are unclear, it appears that he is attempting to contest Reynolds's trial scheduling, which is clearly a judicial act, and not actionable.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 31st day of August, 2009.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE